## STIMMEL v. SWAN et al.

(City Court of New York, General Term. April 27, 1896.)

JUDGMENT—RES JUDICATA.

After a chattel mortgage had been foreclosed without realizing sufficient to satisfy the mortgage, the holder sued the mortgagor for converting some of the mortgaged chattels. The mortgagor was arrested in that action, and gave bail. He admitted the amount alleged to be due, and afterwards allowed judgment to be taken against him by default. An action was then brought on the bail bond. *Held*, that plaintiff was not estopped in the action on the bail bond by a decree in an equity action brought by a firm of which one of defendant's sureties in the bail bond was a member, against plaintiff, which decree adjudged that plaintiff had advanced only a part of the amount of the mortgage, and that he had a lien prior to the claim of such firm only to the extent of the amount so advanced.

Appeal from trial term.

Action by John Stimmel against Charles A. Swan and others. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

A. Aplington, for appellants.
Wm. R. Wilder, for respondent.

VAN WYCK, C. J. The record shows that one Lane held a chattel mortgage for $7,450 upon one Swan's furniture; that Lane assigned this mortgage to Stimmel, the plaintiff herein, for the recited consideration of $6,450; that Stimmel foreclosed this mortgage by selling all of the chattels mentioned therein which he could find, realizing $4,551 upon such foreclosure sale; that thereafter Stimmel began in this court an action in trover against Swan, for removing and converting, before such sale, to his own use, certain specified chattels covered by the mortgage. And in his complaint in that action he alleged the assignment of the mortgage by Lane to him; that Lane had been paid $1,000 by Swan upon account of amount secured by the mortgage; that there was still due and owing thereon the sum of $6,450, with interest from November, 1883; that after giv-

ing credit for $4,551, the amount realized on foreclosure, there was still due and owing upon said mortgage and the indebtedness secured thereby the sum of $2,598; and that the value of the chattels covered by the mortgage, and converted by Swan, was $1,500, for which sum, with interest, he demanded judgment. The answer of Swan, defendant in that action, specifically admits the second paragraph of the complaint, which contains the allegation that Swan paid Lane $1,000 on account of the $7,450 secured by the mortgage, and that there was still due and owing thereon $6,450. In that action defendant Swan was duly arrested, and held to bail in the sum of $1,700, and was released upon the giving of an undertaking of bail in that sum by the defendants in this action, which is brought upon such undertaking. When that action was called for trial, Swan, defendant therein, defaulted; and an inquest was taken, resulting in a judgment for plaintiff therein for $2,067, the assessed value of the chattels converted by Swan, and interest thereon. Thereafter executions were issued therein against Swan's property, and returned unsatisfied; then against his body, and returned, "Not found"; and then this action was commenced against these defendants, who had executed the undertaking of bail of $1,700.

The defendants Veitt and Thurber, the sureties, were the only answering defendants; and the main contention, by their answer, is that, prior to the recovery by Stimmel of the judgment against Swan for the value of the chattels converted, he (Stimmel) had been fully paid the indebtedness secured by the mortgage assigned to him. However, Swan had specifically admitted in his answer that the alleged balance was due on the mortgage, and, if he had been present at the trial of that action, he could not, under his pleading, have disputed the question. The defendants Veitt and Thurber, at the trial of this action, made no effort to prove their allegations that Stimmel had been fully paid, or that his judgment in the action for conversion against Swan was obtained by fraud, except by offering in evidence the roll of a judgment rendered by the supreme court in an equity suit by Wyland and his copartners, as plaintiffs, against Stimmel, as sole defendant, and which defendants herein had pleaded as a defense, and by offering to show that the attorney for Stimmel in his action for conversion against Swan had knowledge that such judgment had been obtained in the equity action. The action at bar is by Stimmel against the sureties on the undertaking of bail upon which Swan was released from custody under an order of arrest in Stimmel's action against him for conversion, and the sureties, these defendants, did "undertake, in the sum of $1,700, that defendant Swan, arrested as aforesaid, shall at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him on the action"; and final judgment was obtained, and executions issued against the property and person of Swan, and the one returned unsatisfied, and the other, "Not found." The sureties made no effort to show that this judgment was obtained by fraud or collusion, except by the judgment in the equity action; and the main question here to determine is whether this equity ac-

tion judgment is an estoppel and legal defense against this plaintiff, Stimmel, who was the defendant therein. The supreme court equity action was by Wyland and his co-partners (one of whom was the Thurber who is one of the defendant sureties sued herein) against Stimmel, who is the plaintiff herein, and it seems that after Swan had delivered the chattel mortgage to Lane, and before Lane had assigned same to Stimmel, he executed to Wyland and his partners a second mortgage upon the same chattels, to secure $1,500; and Wyland et al.'s contention was that Stimmel had advanced only $3,500 at the very time of Lane's assignment to him; hence that, as between them and Stimmel, his lien was prior to theirs only to the extent of this $3,500; and that, as he had realized on his foreclosure sale $4,551, equity should decree that their lien attached to the fund after payment of this $3,500 and interest. And the court so decreed, although Stimmel contended that at the time he advanced the $3,500, and Lane assigned the mortgage to him, Swan was already indebted to him in about $3,000, part of which had been paid to Lane on the mortgage, and that it was agreed by Swan and himself that he take the assignment of the mortgage as security for both sums, and the assignment recites $6,450 as the consideration thereof; and Swan, in his answer in the action for conversion, specifically admits that that sum is owing on the mortgage in Stimmel's hands. This equity decree could not operate as an estoppel against Stimmel in his action against Swan for conversion, nor can it in this action against the sureties on the undertaking of bail given to secure Swan's release from custody under order of arrest in that action.

The judgment is affirmed, with costs. All concur.